■ KINGS RIDGE ELECTRICAL CORP., Respondent, v. PAUL LA BELLA, Individually and as President (Commander) of Les Vingt-Cinq Post No. 1576, Veterans of Foreign Wars, of the United States, et al., Appellants. (And 3 Third-Party Actions.) — In an action by a vendee of real property against the vendors (defendants "Post") for specific performance and against another defendant ("United") to recover damages for demolition of the building on the premises, Post, United and the Village of Port Chester (a third-party defendant) cross appeal from portions of a judgment of the Supreme Court, Westchester County, entered June 21, 1967, as follows: (1) Post appeals from the adjudications (a) granting plaintiff specific performance with a price abatement and (b) dismissing its third-party claim against United and in part its third-party claim against the village; (2) Post and United appeal from the award of damages to plaintiff against United, totaling $8,854; and (3) the village appeals from (a) the award over to United against the village for said damages of $8,854 and (b) the direction that the village cancel a certain lien on the premises in the amount of $2,604. Judgment modified, on the law and the facts, by (1) striking from the first decretal paragraph thereof the provision that plaintiff "have judgment against" the Post defendants (Paul La Bella, individually and as president of Post No. 1576 [V.F.W.], the eight named members of the Post "and All Other Members") "compelling said defendants to specifically perform the contract"; (2) providing, in lieu thereof, that plaintiff and said defendants shall specifically perform the contract; (3) striking from said paragraph the provision that the purchase price shall be reduced by $7,150; (4) providing, in lieu thereof, that plaintiff shall pay said defendants the full purchase price recited in the contract, $18,000, against which the amount paid upon the execution of the contract, $1,800, shall be credited; (5) striking, from the portion of said paragraph which makes provision against the event that plaintiff is unable or unwilling to close title, so much thereof as directs that said defendants shall return to plaintiff $1,800, less certain utility bills and assessed taxes, plus $200, the stipulated cost of title search; and (6) providing, in lieu thereof, that said defendants shall retain the $1,800 and that plaintiff shall reimburse said defendants the amount or amounts of "the aforesaid utility bills" and of the taxes assessed on the subject property and paid by said defendants. As so modified, judgment affirmed insofar as appealed from, without costs. The closing of title shall proceed, at the place directed in the judgment, within 30 days after entry of the order hereon, the time to be fixed in a written notice of not less than 15 days, to be given by plaintiff to said defendants, or at any other time or place as said parties may agree in writing. Although certain of the facts are disputed, it is not contested that shortly after the contract of sale was signed plaintiff entered the subject premises, made substantial alterations thereto and conducted

its business therefrom. In addition, there is no evidence that plaintiff was not able to exclude the public at large from the premises, with the exception of Post, and there can be no question that plaintiff did recover after the fire on an insurance policy covering the premises. Under the terms of the contract of sale Post will always have the right to utilize the second floor of the building for meeting quarters. Accordingly, while plaintiff will have exclusive dominion and control over the premises once title is passed, in the sense that it will be able to exclude the public at large therefrom, Post will retain its right of entry. In our opinion, therefore, possession, within the meaning of section 5–1311 (subd. 1, par. b) of the General Obligations Law, was in plaintiff after the contract date just as much as it would be after title closing and, under the provisions of that statute, plaintiff is not relieved of its (contractual) duty to pay the full purchase price because of the fire; nor would it be entitled to recover the amount paid by it on the execution of the contract should it fail for any reason to close title. In addition, plaintiff should pay the utility bills and taxes assessed against the property during its time of occupancy (Real Property Tax Law, § 452). Brennan, Acting P. J., Benjamin and Martuscello, JJ., concur; Rabin and Hopkins, JJ., dissent and vote to affirm the judgment insofar as appealed from.