■ In the Matter of FONTANA D'ORO FOODS, INC. JOHN AGOSTA, Respondent; SALVATORE AGOSTA, Appellant. — In a proceeding for the judicial dissolution of a domestic corporation, the appeal is from an order of the Supreme Court, Richmond County (Goldberg, J.), dated January 9, 1984, which, *inter alia,* denied the motion of appellant Salvatore Agosta to have the court execute certain documents effectuating the sale of his interest in the corporation to John Agosta pursuant to a stipulation of the parties made in open court and "so ordered" by the court.

Order modified, on the law, by adding thereto a provision granting that branch of the motion which was to have the court act as nominee for John Agosta in executing certain documents to effectuate the sale of the appellant's interest in the corporation and providing that the motion is denied in all other respects. As so modified, order affirmed, with costs to appellant.

The parties reached an agreement in open court concerning the sale of the appellant's interest in Fontana D'Oro Foods, Inc., including real property, inventory and equipment. Pursuant to the stipulation appellant was to execute an assignment of his stock in the corporation and a deed to certain property used by the corporation, and to deliver those documents at the closing. However, prior thereto, John Agosta took possession and control of the assets and Salvatore Agosta agreed "not [to] interfere with the objects of the corporate business", and to "no longer take an active part in the business of the company". John Agosta operated the business. Before closing, a fire destroyed the warehouse and inventory. John Agosta refused to close, claiming impossibility of performance. Salvatore Agosta thereafter made a motion requesting, *inter alia,* that the court act as "nominee" for John pursuant to the stipulation of the parties to execute the documents of sale. Special Term denied the motion, reasoning that the purpose of the stipulation had been frustrated.

Neither impossibility of performance, nor frustration of purpose analysis is applicable to the destruction of tangible property, where it can be determined that one of the parties assumed the risk of loss. If the contract is silent, statutory provisions supply the allocation of risk (see *United States v General Douglas MacArthur Sr. Vil.,* 508 F2d 377, 381; Dobbs, Remedies, § 13.3, pp 966-967).

Here, section 5-1311 (subd 1, par b) of the General Obligations Law places the risk of loss of the warehouse on the buyer, John Agosta (see *Kings Ridge Elec. Corp. v La Bella,* 31 AD2d 821). Furthermore, he also bore the risk for the loss of inventory in the fire (see Uniform Commercial Code, § 2-709, subd [1], par [a]; § 2-606, subd [1], par [c]; cf. *Bache & Co. v International Controls Corp.,* 339 F Supp 341, affd 469 F2d 696; *De Filippo v Ford Motor Co.,* 516 F2d 1313, cert den 423 US 912).

Accordingly, appellant is entitled to have Special Term execute the necessary documents pursuant to the stipulation of the parties. O'Connor, J. P., Weinstein, Lawrence and Eiber, JJ., concur.