SMITH HOLDINGS, LLC, Respondent, v EUGENE L. IRACE et al., Appellants. [819 NYS2d 562]—

In an action, inter alia, for specific performance of a contract

for the sale of real property, the defendants appeal from an order of the Supreme Court, Suffolk County (Henry, J.), dated March 15, 2005, which granted the plaintiff's motion for summary judgment compelling specific performance of the contract of sale and denied their cross motion, inter alia, for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the complaint is dismissed.

Under the terms of the parties' contract of sale the risk of loss in the event of a fire was governed by General Obligations Law § 5-1311. Pursuant to this provision, "when legal title or possession has been transferred to the purchaser he is not relieved by destruction of all or any part of the property from his obligation to pay the price" (*Lucenti v Cayuga Apts.,* 48 NY2d 530, 536 [1979]). In the instant case, the parties' contract provided that "Purchaser's possession hereunder shall begin immediately after tenant vacates and premises are broom cleaned."

The tenant vacated the premises and the plaintiff received a key to the premises in June 2003. In July 2003 the plaintiff opened an electrical utilities account in the name of a professional corporation owned by the plaintiff's principal and started paying for utilities for the premises.

In March 2004 the building on the property was destroyed by fire. Thereafter, the plaintiff commenced the instant action, seeking specific performance of the contract with an abatement of the purchase price. After issue was joined, the plaintiff moved for summary judgment compelling specific performance of the contract of sale. The defendant cross-moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court granted the motion and denied the cross motion. We reverse.

Since possession and the right to possession passed to the plaintiff before the fire, the plaintiff bore the risk of loss (*see Lucenti v Cayuga Apts., supra*). There was no evidence that the plaintiff was not able to exclude the public at large from the premises (*see Kings Ridge Elec. Corp. v La Bella,* 31 AD2d 821 [1969]). Therefore, the plaintiff must either cancel the contract or proceed with the contract without an abatement. Miller, J.P., Goldstein, Spolzino and Dillon, JJ., concur.