■ DUANE C. KENDLE, Appellant, v TOWN OF AMSTERDAM et al., Respondents. [828 NYS2d 620]—

Peters, J.P. Appeal from an order of the County Court of Montgomery County (Catena, J.), entered July 15, 2005, which affirmed an order of the City Court of the City of Amsterdam granting defendant's motion for summary judgment dismissing the complaint.

On April 8, 2002, plaintiff entered into a contract with Victoria Henderson for the purchase of her home located at 166 Chapman Drive in the Town of Amsterdam, Montgomery County (hereinafter the property). Plaintiff provided Henderson with a $1,500 down payment towards the purchase price of $30,000; the closing was to occur on or about June 6, 2002.

On April 27, 2002, defendant Cranesville Volunteer Fire Department scheduled a fire training exercise in the form of a controlled burn at a house located next to the property. Instead of the exercise proceeding smoothly, an explosion occurred which

resulted in damage to the property. Plaintiff, present when the explosion occurred, contended that when he spoke with Henderson and defendants' insurance adjuster shortly thereafter, he was assured by the adjuster that defendant Town of Amsterdam would fix any damages. Henderson confirmed that she would make the necessary repairs once she received the insurance proceeds.

Henderson submitted a claim to defendants' insurance adjusters for the damage to the property. On June 5, 2002, in exchange for $6,179.01, Henderson signed a release discharging the fire department from any and all liability due to the aforementioned explosion.* The following day, without any adjustment to the sale price, plaintiff and Henderson proceeded to the closing, transferring title to the property to plaintiff. Plaintiff knew that no work had been done to repair the house. Plaintiff alleges that he only learned of Henderson's receipt of the insurance proceeds after the closing. At that point, his attorney wrote to defendants' insurance adjuster and to Henderson's attorney requesting that the payment be used to restore the property. When his requests were ignored and Henderson was unable to be located, plaintiff commenced the instant action against defendants for the damages. After joinder of issue, defendants made a motion for summary judgment, which was granted by City Court. This order was thereafter withdrawn as premature, and oral argument proceeded. After plaintiff made an unsuccessful motion for recusal due to City Court's premature ruling, defendants' motion for summary judgment was granted. After its affirmance in County Court, plaintiff appealed.

An award of summary judgment is proper if there are no genuine issues of disputed facts and the movant provides sufficient evidence, in admissible form, establishing its entitlement to judgment as a matter of law (see *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Here, summary judgment was properly granted because plaintiff failed to have either legal or equitable title with possession on the day of the damage. For that reason, plaintiff could not recover his damages from these defendants as a matter of law.

Execution of a land sale contract provides the purchaser with equitable title to the property. It creates privity and duties between the purchaser and the seller but not between an equitable title holder and third parties (see *Madero v Henness*, 200 AD2d 917, 918 [1994], *lv dismissed* 83 NY2d 906 [1994]). General Obligations Law § 5-1311 incorporated New York's version

---

* The release mistakenly states the date of the explosion as April 20, 2002.

of the Uniform Vendor and Purchaser Risk Act which eliminated a purchaser's risk of loss if the property were destroyed before a closing through no fault of the purchaser (*see generally Lucenti v Cayuga Apts.*, 48 NY2d 530, 534-542 [1979]). It provides that unless there is an express agreement in the contract to provide otherwise, the risk of loss will remain on the seller until the time that legal title or possession has been transferred to the purchaser (*see* General Obligations Law § 5-1311 [1] [a]; *Lucenti v Cayuga Apts., supra* at 537; *compare Smith Holdings, LLC v Irace*, 32 AD3d 428, 429 [2006], *with Citibank v Liebeskind*, 237 AD2d 478, 478 [1997]). Hence, if the property becomes materially damaged, the purchaser has the option to either rescind the contract or enforce it with an abatement of the purchase price (*see Lucenti v Cayuga Apts.*, 59 AD2d 438, 440-441 [1977]; *Citibank v Liebeskind, supra* at 479). These options only address the purchaser's ability to place the risk of loss on the seller and will not create any rights against a third party.

Here, defendants' proffer demonstrated that Henderson was the legal title holder on the date of the explosion. She appropriately filed a claim with defendants' insurance company, which negotiated a settlement with her. The day before the closing, Henderson signed a release with defendants relieving them of all liability in connection with the explosion. While plaintiff may have been unaware of Henderson's settlement, defendants had no duty to plaintiff on the date of the explosion and, therefore, properly settled their claim with the injured legal title holder. Accordingly, plaintiff did not have any viable claim against either one of these defendants on the date of the explosion due to his status as a mere equitable title holder without possession. As plaintiff failed to raise a triable issue of fact on this issue, the complaint was appropriately dismissed.

With no statutory basis grounding the request for recusal and the record supporting City Court's exercise of its discretion, which included a hearing to ensure a lack of prejudice, we will not disturb its decision (*see* Judiciary Law § 14; *People v Moreno*, 70 NY2d 403, 405-406 [1987]; *Matter of Stampfler v Snow*, 290 AD2d 595, 596 [2002]).

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.