■ SHELDON SEIDMAN, Respondent, v INDUSTRIAL RECYCLING PROPERTIES, INC., et al., Appellants, et al., Defendants. [861 NYS2d

692]—In an action to foreclose a mortgage, the defendant Industrial Recycling Properties, Inc., appeals (1), as limited by its brief, from stated portions of a decision of the Supreme Court, Nassau County (McCarty, J.), dated May 5, 2006, (2), as limited by its brief, from so much of an order of the same court entered July 5, 2006, as granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability, to strike its answer, and to refer the matter to a referee, inter alia, for a computation of the amount due the plaintiff, and (3) from a judgment of the same court entered December 21, 2006, which confirmed the report of the referee finding that the sum of $568,072.71 was due on the mortgage and note and is in favor of the plaintiff and against the defendants directing the foreclosure and sale of the subject property, and the defendants Zalman Alenick, Menachem Bronstein, and Hillel Alenick separately appeal from the same decision, order, and judgment.

Ordered that the appeals by the defendants Zalman Alenick, Menachem Bronstein, and Hillel Alenick are dismissed as abandoned; and it is further,

Ordered that the appeal by the defendant Industrial Recycling Properties, Inc., from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the appeal by the defendant Industrial Recycling Properties, Inc., from the order is dismissed, as no appeal lies from an intermediate order upon entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]); and it is further,

Ordered that the appeal by the defendant Industrial Recycling Properties, Inc., from so much of the judgment as relates to the defendants New York State Department of Taxation & Finance, Zalman Alenick, Menachem Bronstein, Hillel Alenick, and New York City Dept of Finance is dismissed, as it is not aggrieved by those portions of the judgment (*see* CPLR 5511); and it is further,

Ordered that the judgment is reversed insofar as reviewed, on the law, those branches of the plaintiff's motion which were for summary judgment on the issue of liability as to the appellant Industrial Recycling Properties, Inc., to strike the answer of the appellant Industrial Recycling Properties, Inc., and to refer the matter to a referee, inter alia, for a computation of the amount due the plaintiff are denied, the answer of the appellant Industrial Recycling Properties, Inc., is reinstated, and the order entered July 5, 2006, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the appellant Industrial Recycling Properties, Inc.

A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence in admissible form to demonstrate the absence of any material issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Failure to make such a showing requires denial of the motion regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). In this case, the plaintiff mortgagee failed to make such a showing. His unsworn affidavit claiming that the defendant mortgagor, Industrial Recycling Properties, Inc. (hereinafter Industrial), failed to maintain insurance on the subject property and that he had complied with other conditions precedent permitting the acceleration of the mortgage debt was not in admissible form. Accordingly, since the plaintiff failed to rely upon any other proof in admissible form, the Supreme Court erred in granting those branches of his motion which were for summary judgment on the issue of Industrial's liability, to strike Industrial's answer, and to refer the matter to a referee, inter alia, for a computation of the amount due to the plaintiff. Fisher, J.P., Ritter, Florio and Carni, JJ., concur.