◼ SHELDON SEIDMAN, Respondent, v INDUSTRIAL RECYCLING PROPERTIES, INC., et al., Appellants, et al., Defendants. [900 NYS2d 84]—

In an action to foreclose a mortgage, the defendants Industrial Recycling Properties, Inc., Zalman Alenick, Menachem Bronstein, and Hillel Alenick appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), entered January 15, 2009, as denied those branches of their motion which were (a) for summary judgment dismiss-

ing the complaint insofar as asserted against the defendant mortgagor Industrial Recycling Properties, Inc., (b) for leave to amend the pleadings to assert a counterclaim on behalf of Industrial Recycling Properties, Inc., sounding in conversion, (c) in effect, to vacate so much of a judgment of the same court entered December 21, 2006, as was in favor of the plaintiff and against the defendant guarantors Zalman Alenick, Menachem Bronstein, and Hillel Alenick, and (d) to require the plaintiff to disgorge the proceeds of the foreclosure sale.

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof denying those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against the defendant mortgagor Industrial Recycling Properties, Inc., and, in effect, to vacate so much of the judgment entered December 21, 2006, as was in favor of the plaintiff and against the defendant guarantors Zalman Alenick, Menachem Bronstein, and Hillel Alenick, and substituting therefor provisions granting those branches of the motion, and (2) by deleting the provision thereof denying that branch of the motion which was to require the plaintiff to disgorge the proceeds of the foreclosure sale, and substituting a provision therefor granting that branch of the motion to the extent of directing that the proceeds of the foreclosure sale received by the plaintiff be placed in escrow pending a determination of the interest, if any, of Industrial Recycling Properties, Inc., in the proceeds of the sale and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The plaintiff mortgagee commenced this foreclosure action alleging, inter alia, that the defendant mortgagor Industrial Recycling Properties, Inc. (hereinafter Industrial), failed to maintain insurance on the subject property as required by the mortgage. In a prior appeal in this action, this Court reversed the Supreme Court's grant of that branch of the plaintiff's motion which was for summary judgment as to Industrial and reinstated Industrial's answer, finding that the plaintiff did not submit proof in admissible form to demonstrate that Industrial failed to maintain insurance on the subject property and that the plaintiff had complied with other conditions precedent permitting acceleration of the mortgage debt (*see Seidman v Industrial Recycling Props., Inc.*, 52 AD3d 678 [2008]). However, while that appeal was pending, since the action was not stayed pending appeal, the referee appointed by the Supreme Court

sold the subject property pursuant to a judgment of foreclosure and sale for the sum of $695,000.

Subsequently, Industrial and the defendant guarantors Zalman Alenick, Menachem Bronstein, and Hillel Alenick (hereinafter collectively the defendant guarantors) moved, inter alia, (a) for summary judgment dismissing the complaint insofar as asserted against Industrial, (b) for leave to amend the pleadings to assert a counterclaim on behalf of Industrial sounding in conversion, (c) in effect, to vacate so much of a judgment entered December 21, 2006, as was in favor of the plaintiff and against the defendant guarantors, and (d) to require the plaintiff to disgorge the proceeds of the foreclosure sale. As is relevant here, the Supreme Court denied the motion. We modify.

The Supreme Court should have awarded Industrial summary judgment dismissing the complaint insofar as asserted against it. Industrial met its initial burden of establishing its entitlement to judgment as a matter of law by showing that the plaintiff failed to comply with a condition precedent permitting the acceleration of the mortgage debt, namely, that two or more fire insurance companies lawfully doing business in the State of New York refused coverage to the plaintiff upon his application for fire insurance on the subject premises (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In response, the plaintiff failed to raise a triable issue of fact regarding his failure to comply with that condition precedent (see *Zuckerman v City of New York*, 49 NY2d at 562).

The Supreme Court providently exercised its discretion in denying leave to Industrial to assert a counterclaim sounding in conversion. Under the circumstances of this case, such a counterclaim would be palpably insufficient as well as patently devoid of merit (see *Zendler Constr. Co., Inc. v First Adj. Group, Inc.*, 59 AD3d 439, 440 [2009]; *Garelick v Carmel*, 141 AD2d 501, 502 [1988]; *Boll v Town of Kinderhook*, 99 AD2d 898, 899 [1984]).

In light of the fact that Industrial was entitled to summary judgment dismissing the complaint insofar as asserted against it, the Supreme Court should have vacated so much of the judgment entered December 21, 2006, as was in favor of the plaintiff and against the defendant guarantors as well. Furthermore, since the subject property was sold by the referee, the matter must be remitted to the Supreme Court, Nassau County, for a determination of the interest, if any, of Industrial in the proceeds of the foreclosure sale, and pending that determination, the proceeds of the sale received by the plaintiff must be

placed in escrow. Rivera, J.P., Miller, Dickerson and Roman, JJ., concur.