In an action to foreclose a mortgage, the defendant Industrial Recycling Properties, Inc., appeals from so much of an order of the Supreme Court, Nassau County (Jaeger, J.), entered March 14, 2012, as denied those branches of its motion which were for summary judgment on the issue of liability and an award of damages on its counterclaim alleging breach of contract.
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment on the issue of liability on the counterclaim alleging breach of contract, and substituting therefor a provision granting that branch of the motion; as so modified, *984 the order is affirmed insofar as appealed from, with costs to the appellant.
The plaintiff mortgagee commenced this foreclosure action alleging, inter alia, that the defendant mortgagor, Industrial Recycling Properties, Inc. (hereinafter Industrial), failed to maintain insurance on the subject property as required by the mortgage. In a prior appeal in this action, this Court reversed an order of the Supreme Court granting that branch of the plaintiffs motion which was for summary judgment on the issue of liability as to Industrial (see Seidman v Industrial Recycling Props., Inc., 52 AD3d 678 [2008]). However, while that appeal was pending, since the action was not stayed pending appeal, the referee appointed by the Supreme Court sold the subject property pursuant to a judgment of foreclosure and sale entered December 21, 2006.
Subsequently, Industrial moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion, and this Court reversed, holding that the Supreme Court should have awarded Industrial summary judgment dismissing the complaint insofar as asserted against it, as “Industrial met its initial burden of establishing its entitlement to judgment as a matter of law by showing that the plaintiff failed to comply with a condition precedent permitting the acceleration of the mortgage debt, namely, that two or more fire insurance companies lawfully doing business in the State of New York refused coverage to the plaintiff upon his application for fire insurance on the subject premises [and, in] response, the plaintiff failed to raise a triable issue of fact” (Seidman v Industrial Recycling Props., Inc., 71 AD3d 1117, 1119 [2010] [citations omitted]).
In a decision and order dated April 26, 2011, this Court modified an order of the Supreme Court which, inter alia, denied that branch of a subsequent motion by Industrial which was for leave to amend its pleadings to assert a counterclaim alleging breach of contract, and granted that branch of Industrial’s motion (see Seidman v Industrial Recycling Props., Inc., 83 AD3d 1040 [2011]). Thereafter, Industrial amended its pleadings to assert a counterclaim alleging that the plaintiff breached the mortgage contract by improperly accelerating the mortgage and commencing this foreclosure action.
Subsequently, Industrial moved, inter alia, for summary judgment on the issue of liability and an award of damages on that counterclaim. In the order appealed from, the Supreme Court denied that branch of Industrial’s motion.
Industrial established, prima facie, its entitlement to judg *985 ment as a matter of law on the issue of liability on its counterclaim alleging breach of contract by adducing evidence that the plaintiff breached the mortgage contract by improperly accelerating the mortgage and commencing this foreclosure action (see Quilliams v Half Hollow Hills School Dist. [Candlewood School], 67 AD3d 763 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Seidman v Industrial Recycling Props., Inc., 71 AD3d at 1119). Furthermore, contrary to the plaintiff’s contention, the motion was not premature, as the plaintiff failed to demonstrate how discovery may reveal or lead to relevant evidence, or that “facts essential to opposing the motion were exclusively within” another party’s “knowledge and control” (Espada v City of New York, 74 AD3d 1276, 1277 [2010] ; see CPLR 3212 [f]; Norero v 99-105 Third Ave. Realty, LLC, 96 AD3d 727, 728 [2012]; Haque v Daddazio, 84 AD3d 940 [2011] ).
However, Industrial failed to demonstrate its prima facie entitlement to an award of damages in a specific amount. It has long been recognized that the theory underlying damages for breach of contract is to make good or replace the loss caused by the breach (see Brushton-Moira Cent. School Dist. v Thomas Assoc., 91 NY2d 256, 261 [1998]; Reid v Terwilliger, 116 NY 530, 532 [1889]). Damages are intended to return the parties to the point at which the breach arose and to place the nonbreaching party in as good a position as it would have been had the contract been performed (see Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d 187, 195 [2008]; Goodstein Constr. Corp. v City of New York, 80 NY2d 366, 373 [1992]; Robert L. Haig, Commercial Litigation in New York State Courts, § 51:3 [c] at 31 [4 West’s NY Prac Series 1995]; Restatement [Second] of Contracts §§ 344, 347, Comment a). Thus, damages for breach of contract are ordinarily ascertained as of the date of the breach (see Rodriguez & Co. v Moore-McCormack Lines, 32 NY2d 425, 429 [1973]; Simon v Electrospace Corp., 28 NY2d 136, 145 [1971]; Parker v Hoppe, 257 NY 333, 341 [1931]). In this case, the record does not support Industrial’s contention that awarding it the value of the subject property on the date of the foreclosure sale, plus interest, would place it in the position it would have been in had the plaintiff not improperly commenced this foreclosure action (see Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d at 195).
Accordingly, Industrial was entitled only to summary judgment on the issue of liability on its counterclaim to recover damages for breach of contract. Angiolillo, J.R, Chambers, Hall and Roman, JJ., concur.