Mannino v Passalacqua (2019 NY Slip Op 03961)





Mannino v Passalacqua


2019 NY Slip Op 03961


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2016-09944
 (Index No. 13233/11)

[*1]Andrea Mannino, et al., appellants, 
v
Salvatore R. Passalacqua, et al., respondents (and a third-party action).


Lasky & Steinberg, P.C., Garden City, NY (Scott L. Steinberg and Sean R. Lasky of counsel), for appellants.
Goidel & Siegel, LLP, New York, NY (Andrew B. Siegel of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for unjust enrichment, the plaintiffs appeal from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated May 24, 2016. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the unjust enrichment and conversion causes of action asserted against them in the amended complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the unjust enrichment cause of action asserted against them in the amended complaint, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs payable to the plaintiffs.
The facts underlying the dispute between the parties in this action can be found in our decision and order on a prior appeal (see Mannino v Wells Fargo Home Mtge., Inc., 155 AD3d 860). Briefly, in 1988, the plaintiffs contracted to purchase a multifamily dwelling in Brooklyn, but had Salvatore Passalacqua purchase the property in order to avoid payment of a broker's commission. The plaintiffs paid $75,000 toward the purchase price, and Passalacqua financed the remainder of the purchase price with a $225,000 mortgage loan from Greenpoint Savings Bank (hereinafter Greenpoint). After Passalacqua purchased the premises, he entered into a contract with the plaintiffs to convey the property to them, which required the plaintiffs to assume the Greenpoint mortgage. However, prior to the closing, Passalacqua disappeared. The Surrogate's Court issued restricted temporary letters of administration to Salvatore R. Passalacqua and Joseph Passalacqua (hereinafter together the Passalacquas) to administer their absentee father's property, including the subject premises. The plaintiffs resided at the premises for the next decade, leasing apartments to tenants, collecting rents, and paying expenses, including the Greenpoint mortgage. On March 15, 2000, the Surrogate's Court declared the elder Passalacqua dead as of January 1, 1994, and authorized distribution of his estate.
The plaintiffs commenced a turnover proceeding in the Surrogate's Court to compel [*2]the Passalacquas to execute a deed conveying the premises to them and filed a notice of pendency against the premises. In 2005, the Surrogate's Court granted the plaintiffs' petition, determining that they were entitled to specific performance of the contract. However, during the pendency of that proceeding, in February 2002, the Passalacquas transferred the premises to themselves individually, and they obtained mortgage loans from Wells Fargo Home Mortgage, Inc. (hereinafter Wells Fargo), which were consolidated into a consolidated note and a consolidated mortgage in the sum of $277,000. A portion of the Wells Fargo mortgage proceeds satisfied the remaining $42,180.43 balance on the Greenpoint mortgage. Conveyance of the premises to the plaintiffs was finally effectuated by a deed dated November 17, 2010. The Passalacquas stopped paying the Wells Fargo mortgage, and, in January 2011, Wells Fargo sent them a notice of default.
In June 2011, the plaintiffs commenced this action against the Passalacquas and Wells Fargo to cancel the consolidated mortgage held by Wells Fargo, and moved for summary judgment on the complaint. In an order dated July 5, 2012, the Supreme Court denied the motion and, upon searching the record, awarded the defendants summary judgment dismissing the complaint. The plaintiffs appealed. However, during the pendency of the appeal, Wells Fargo accelerated the debt and sought full payment by a date certain to avoid the filing of a foreclosure action. The plaintiffs sold the premises and, in conjunction, paid Wells Fargo $216,038.05 in satisfaction of the consolidated mortgage. Upon Wells Fargo's motion, this Court dismissed the appeal from the July 5, 2012, order as academic. However, to prevent that unreviewable order from spawning adverse legal consequences due to its res judicata effect, this Court vacated so much of the order as awarded the defendants summary judgment dismissing the complaint (see Mannino v Wells Fargo Home Mtge., Inc., 120 AD3d 638, 639).
Thereafter, the plaintiffs sought leave to amend the complaint to assert unjust enrichment causes of action against both Wells Fargo and the Passalacquas, seeking restitution of the sums the plaintiffs paid to satisfy the consolidated mortgage, and to assert additional causes of action against the Passalacquas, including one to recover damages for conversion. Insofar as relevant here, the Supreme Court granted the plaintiffs leave to amend the complaint to assert their proposed causes of action against the Passalacquas. The Passalacquas thereafter moved pursuant to CPLR 3211(a) to dismiss the causes of action asserted against them in the amended complaint. In an order dated May 24, 2016, the court granted those branches of the Passalacquas' motion which were to dismiss the unjust enrichment and conversion causes of action asserted against them and otherwise denied the motion. The plaintiffs appeal.
We agree with the Supreme Court's determination to grant dismissal of the cause of action to recover damages for the Passalacquas' alleged conversion of the plaintiffs' equity in their property. An action sounding in conversion does not lie where the property involved is real property (see Dickinson v Igoni, 76 AD3d 943, 945; Seidman v Industrial Recycling Props., Inc., 71 AD3d 1117, 1119). Moreover, the conversion cause of action was untimely, since the Passalacquas exercised dominion over the equity in the property when they gave Wells Fargo mortgages on the property in 2002 and 2003 (see CPLR 214[3]; Theaprin Pharms., Inc. v Conway, 137 AD3d 1254, 1254; Matter of Channel Mar. Sales, Inc. v City of New York, 75 AD3d 600, 601).
However, we disagree with the Supreme Court's determination that the amended complaint failed to state a cause of action against the Passalacquas to recover damages for unjust enrichment. The theory of unjust enrichment is "rooted in the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another'" (Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516, quoting Miller v Schloss, 218 NY 400, 407). "The essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 421). To adequately plead such a cause of action, a plaintiff must allege that "(1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [alterations and internal quotation marks omitted]; see Georgia Malone & Co., Inc. v Rieder, 19 NY3d at 516).
Here, the amended complaint sufficiently alleges that the Passalacquas were unjustly enriched, at the plaintiffs' expense, by the plaintiffs' payment of the Passalacquas' debt to Wells Fargo, and that it would be against equity and good conscience to permit the Passalacquas to retain what is sought to be recovered (see Paramount Film Distrib. Corp. v State of New York, 30 NY2d at 421; Shah v Exxis, Inc., 138 AD3d 970, 973). To the extent that the Passalacquas contend that they used proceeds of the Wells Fargo mortgage to benefit the premises, that contention involves factual issues not properly resolved on a motion to dismiss the complaint pursuant to CPLR 3211(a)(7) (see Von Maack v Wyckoff Hgts. Med. Ctr., 140 AD3d 1055, 1058). Contrary to the determination of the Supreme Court, the plaintiffs do not have an adequate remedy at law by suing to enforce the consolidated note (see generally Samiento v World Yacht Inc., 10 NY3d 70, 81). The plaintiffs were not parties to the consolidated note (see Bradkin v Leverton, 26 NY2d 192, 199). Further, even if the plaintiffs are entitled to assignment of the consolidated note from Wells Fargo, obtaining such an assignment would require an action in equity (see Chemical Bank v Meltzer, 93 NY2d 296, 304; Venture I, Inc. v Voutsinas, 8 AD3d 475, 475). The unjust enrichment cause of action is also not barred by the existence of the plaintiffs' contract of sale with the Passalacquas' late father (see Kendle v Town of Amsterdam, 36 AD3d 985, 986).
Contrary to the Passalacquas' contention, advanced as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545), the unjust enrichment cause of action was timely asserted. The parties agree that the unjust enrichment cause of action is subject to a six-year statute of limitations (see CPLR 213[1]). Such a cause of action accrues "upon the occurrence of the alleged wrongful act giving rise to the duty of restitution" (U.S. Bank N.A. v Salem, 164 AD3d 1289, 1290). Here, the amended complaint alleges that the plaintiffs' payment to Wells Fargo was necessitated by the Passalacquas' default in making payments on the consolidated note, which resulted in Wells Fargo's acceleration of the debt and the threat of a foreclosure action. Accordingly, this cause of action accrued, at the earliest, in late 2010, when the Passalacquas stopped making payments on the Wells Fargo consolidated mortgage.
Accordingly, the Supreme Court should have denied that branch of the Passalacquas' motion which was to dismiss the unjust enrichment cause of action asserted against them in the amended complaint.
We have not considered the Passalacquas' contention that the Supreme Court erred in failing to dismiss the remaining causes of action asserted against them in the amended complaint, as the Passalacquas failed to cross-appeal from the court's order (see generally Hecht v City of New York, 60 NY2d 57).
RIVERA, J.P., AUSTIN, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court