ROSICKI, ROSICKI & ASSOCIATES, P.C., et al., Appellants-Respondents, v JOAN COCHEMS et al., Respondents, and FRANK BASANTA et al., Respondents-Appellants. [873 NYS2d 184]—

In an action, inter alia, to recover for damages for breach of contract, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated April 24, 2008, as denied their motion for leave to serve a second amended complaint, and the defendants Frank Basanta and Kevlar Solutions, Inc., doing business as Systems Solutions, cross-appeal from so much of the same order as denied their cross motion to impose sanctions upon the plaintiffs.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, and the plaintiffs' motion for leave to serve a second amended complaint is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs, payable by the defendants Craig Jennings and Powhattan Consulting Corp., and the defendants Frank Basanta and Kevlar Solutions, Inc., doing business as Systems Solutions, appearing separately and filing separate briefs.

The plaintiffs are a law firm and its subsidiaries. They allege that, beginning in 1994 their computer services were provided by Philip Cochems, individually and doing business as Filmor Industries, Filmor Industries, Inc., Computer Help Center, Inc., John Budris, and John Cochems (hereinafter collectively the Cochems defendants). In October 2004 the plaintiffs became aware that they were the subject of an investigation by the Software and Information Industry Association (hereinafter the SIIA) into the legitimacy of the software licenses for the software used on its computers.

Thereafter, the Cochems defendants engaged the defendants Frank Basanta and Kevlar Solutions, Inc., doing business as Systems Solutions (hereinafter together Kevlar), to supply certain software, and the defendants Craig Jennings and Powhattan Consulting Corp. (hereinafter together Powhattan) to conduct an audit of the more than 200 computers owned and

operated by the plaintiffs to insure that the software installed on them was properly licensed.

Kevlar wrote a letter dated November 8, 2005 addressed, inter alia, to the plaintiffs, that stated, in relevant part: "Attached you will find a Microsoft license agreement for [the plaintiffs]. As of November 3rd 2005 [the plaintiffs were] in complete compliance with Microsoft license schema." Powhattan also wrote a letter dated November 11, 2005 addressed, inter alia, to the plaintiffs, in which it explained that it used "GASP 7" software to conduct the audit, and that the audit took place at five of the plaintiffs' worksites. The Powhattan letter further stated, in relevant part, that "records of every piece of software installed on every computer, both workstation and server have been made. In addition, the purchase records of [the plaintiffs] have been evaluated, and then input into the software," but without setting out any limitations as to the results obtained using that software. The Powhattan letter continued, in relevant part: "The comparison with the GASP 7 software has produced the following results: (see attachment.) I hereby certify that the software utilized by [the plaintiffs] are fully licensed, and with additional licensing beyond what is currently in use."

Thereafter, the plaintiffs alleged that, based at least in part on these letters, they permitted the SIIA to undertake an audit of their computers. It was subsequently determined, inter alia, that the original equipment manufacturers' software installed by the Cochems defendants on the plaintiffs' computers was unlicensed. As a result, the plaintiffs alleged that they had to pay substantial penalties to the SIIA.

The plaintiffs subsequently commenced this breach of contract action against the Cochems defendants in July 2006. Thereafter, pursuant to an order dated November 17, 2006, they served a supplemental summons and amended complaint, inter alia, adding Powhattan and Kevlar as defendants, and asserting, among other things, a cause of action to recover damages for intentional misrepresentation against them.

While the action was pending, Philip Cochems died, and the defendant Joan Cochems, as executor of his estate, was substituted for him. By notice of motion dated March 11, 2008, the plaintiffs moved for leave to serve a second amended complaint asserting causes of action sounding in negligent misrepresentation against Powhattan and Kevlar. Powhattan and Kevlar opposed the motion. In addition, Kevlar cross-moved to impose sanctions against the plaintiffs for making the motion. In the order appealed and cross-appealed from, the Supreme Court denied the motion and the cross motion.

Leave to amend should be freely given absent prejudice or surprise. A court should not examine the merits or legal sufficiency of the proposed amendment unless it is palpably insufficient or patently devoid of merit on its face (*see Kusak v Allstate Ins. Co.*, 190 AD2d 1050 [1993]; *Hopper v Hise*, 131 AD2d 814 [1987]; *see also Lucido v Mancuso*, 49 AD3d 220, 221 [2008]).

"A cause of action based on negligent misrepresentation requires proof that a defendant had a duty to use reasonable care to impart correct information due to a special relationship existing between the parties, that the information was false, and that a plaintiff reasonably relied on the information. In the commercial context 'liability for negligent misrepresentation has been imposed only on those persons who possess unique or specialized expertise, or who are in a special position of confidence and trust with the injured party' " (*Fresh Direct v Blue Martini Software*, 7 AD3d 487, 489 [2004] [citations omitted]). The content of the above-mentioned correspondence, which was drafted by experts in computer software, together with the plaintiffs' allegations that, subsequent to the receipt of that correspondence, unlicensed or improperly licensed software was still installed and employed on the plaintiffs' computers, are sufficient to show that the plaintiffs' proposed amendments were neither palpably insufficient nor patently devoid of merit, and thus should have been allowed to be pleaded.

Moreover, the defendants did not show any prejudice arising from the proposed amendment. Merely being required to proffer additional answers to the second amended complaint, at a time when discovery, including depositions, has not been completed, is not a sufficient reason to warrant the denial of a motion for leave to amend (*see Abrahamian v Tak Chan*, 33 AD3d 947, 948 [2006], and cases cited therein).

The Supreme Court properly denied Kevlar's cross motion to impose sanctions upon the plaintiffs.

In light of this determination, we need not reach Kevlar's remaining contention. Mastro, J.P., Florio, Covello and Belen, JJ., concur. [*See* 2008 NY Slip Op 30747(U).]