■ Hafid Elbroji, Respondent, v 22 East 54th Street Restaurant Corp. et al., Appellants. [890 NYS2d 83]—

In an action, inter alia, to recover damages for breach of contract and unjust enrichment, and to recover in quantum meruit for services rendered, the defendants appeal from so much of an order of the Supreme Court, Queens County (Nelson, J.), dated November 17, 2008, as denied those branches of their motion which were pursuant to CPLR 3211 to dismiss the first, second, and fourth causes of action in the amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendants' contention, the amended complaint adequately states a cause of action to recover damages for breach of contract. Although the plaintiff signed a shareholders' agreement containing a merger clause, that agreement does not cover the subject dispute, as it does not specifically address the issue of compensation to be paid to the plaintiff for the alleged labor and services he rendered in connection with the renovation and construction of a restaurant. Thus, the plaintiff may present evidence to prove the existence of an alleged oral agreement between the parties in 2005 to pay him the sum of $2,800 per week during the renovation and construc-

tion project, as such proof would not contradict or modify the terms of the shareholders' agreement (*see Matter of Primex Intl. Corp. v Wal-Mart Stores*, 89 NY2d 594, 601 [1997]; *cf. DePasquale v Estate of DePasquale*, 44 AD3d 606 [2007]; *Friends of Avalon Preparatory School v Ehrenfeld*, 6 AD3d 658 [2004]).

The amended complaint also adequately states causes of action sounding in unjust enrichment and quantum meruit. "Where, as here, there is a bona fide dispute as to the existence of a contract, or where the contract does not cover the dispute in issue, a plaintiff may proceed upon a theory of quasi-contract as well as breach of contract, and will not be required to elect his or her remedies" (*Hochman v LaRea*, 14 AD3d 653, 654-655 [2005]; *see also AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6 [2008]; *Zuccarini v Ziff-Davis Media*, 306 AD2d 404 [2003]). Mastro, J.P., Miller, Angiolillo and Austin, JJ., concur.