■ GIUNTA's MEAT FARMS, INC., Appellant, v PINA CONSTRUCTION CORPORATION, Respondent. [914 NYS2d 641]—

In an action for specific performance of a commercial lease, the plaintiff appeals, as limited by its brief, from so much of an

order of the Supreme Court, Suffolk County (Emerson, J.), dated October 30, 2009, as denied those branches of its motion which were for leave to amend the complaint to add Antonino Militello and Elio Zanoni as defendants, to add the third cause of action set forth in the proposed amended complaint insofar as asserted against those proposed additional defendants, and to add the fourth through sixth causes of action asserted in the proposed amended complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for leave to amend the complaint to add Antonino Militello and Elio Zanoni as defendants, to add the third cause of action set forth in the proposed amended complaint insofar as asserted against those proposed additional defendants, and to add the fourth through sixth causes of action asserted in the proposed amended complaint are granted, and the matter is remitted to the Supreme Court, Suffolk County, to amend the caption accordingly.

Generally, leave to amend a pleading pursuant to CPLR 3025 (b) should be freely granted in the absence of prejudice or surprise resulting directly from the delay in seeking leave (*see Rosicki, Rosicki & Assoc., P.C. v Cochems*, 59 AD3d 512 [2009]; *Janssen v Incorporated Vil. of Rockville Ctr.*, 59 AD3d 15, 27 [2008]; *Bennett v Long Is. Jewish Med. Ctr.*, 51 AD3d 959 [2008]; *Lucido v Mancuso*, 49 AD3d 220, 222, 227 [2008]). Furthermore, a court should not examine the merits or legal sufficiency of the proposed amendment unless it is palpably insufficient or patently devoid of merit on its face (*see Rosicki, Rosicki & Assoc., P.C. v Cochems*, 59 AD3d at 514; *Lucido v Mancuso*, 49 AD3d at 227). On the facts presented, we cannot characterize the proposed amendments that form the basis of this appeal as palpably insufficient or patently devoid of merit on its face, and thus the Supreme Court should have allowed those amendments (*see Murtha v Yonkers Child Care Assn.*, 45 NY2d 913, 915 [1978]; *Elbroji v 22 E. 54th St. Rest. Corp.*, 67 AD3d 957 [2009]; *Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr.*, 59 AD3d 473 [2009]; *Joel v Weber*, 197 AD2d 396 [1993]). Moreover, the defendant did not establish that it would be prejudiced or surprised by the plaintiff's delay in seeking leave to amend its complaint until five months after the action was commenced (*see Janssen v Incorporated Vil. of Rockville Ctr.*, 59 AD3d at 27; *Whitehorn Assoc. v One Ten Brokerage*, 264 AD2d 516 [1999]; *Llama v Mobil Serv. Sta.*, 262 AD2d 457 [1999]; *Barraza v Sambade*, 212 AD2d 655 [1995]). Accordingly, the Supreme Court should have granted those branches of the

plaintiff's motion which were for leave to amend the complaint to add Antonino Militello and Elio Zanoni as defendants, to add the third cause of action set forth in the proposed amended complaint insofar as asserted against those proposed additional defendants, and to add the fourth through sixth causes of action asserted in the proposed amended complaint. Covello, J.P., Eng, Chambers and Hall, JJ., concur.