■ MAYA's BLACK CREEK, LLC, Doing Business as ARLINGTON BAR AND GRILL, Appellant, v ANGELO BALBO REALTY CORP., Respondent. [920 NYS2d 172]—

Generally, leave to amend a pleading pursuant to CPLR 3025 (b) should be freely granted in the absence of prejudice or surprise resulting directly from the delay in seeking leave (*see Giunta's Meat Farms, Inc. v Pina Constr. Corp.*, 80 AD3d 558

[2011]; *Rosicki, Rosicki & Assoc., P.C. v Cochems*, 59 AD3d 512, 514 [2009]), and unless the proposed amendment is palpably insufficient or patently devoid of merit on its face (*see Rosicki, Rosicki & Assoc., P.C. v Cochems*, 59 AD3d at 514; *Lucido v Mancuso*, 49 AD3d 220, 227 [2008]). Under the circumstances of this case, the Supreme Court should have granted the plaintiff leave to amend the complaint by adding causes of action alleging an easement by prescription and an easement by necessity, since the addition of these causes of action would not have resulted in any surprise or prejudice to the defendant, and we ·cannot say that the proposed amendments are palpably insufficient or patently devoid of merit (*see Giunta's Meat Farms, Inc. v Pina Constr. Corp.*, 80 AD3d 558 [2011]).

Furthermore, the Supreme Court erred in granting the defendant's cross motion to dismiss the complaint for failure to state a cause of action. The plaintiff alleged that it acquired, by adverse possession, title to the subject property, a strip of land approximately 135 feet long running along the border separating its property from the property owned by the defendant (hereinafter the premises). Specifically, the plaintiff alleged that it adversely possessed the premises, which is bounded. by a concrete curb located at the edge of defendant's property, inter alia, by paving it with blacktop and painting parking spaces. The plaintiff further alleged that it used the premises as a means of ingress to and egress from its property, cleared the premises of snow and ice, and maintained a portable dumptser there.

In accordance with the law that existed prior to July 7, 2008, to obtain title to land through adverse possession on a claim not based upon a written instrument, plaintiffs had to demonstrate that they "usually cultivated, improved, or substantially enclosed the land" (*Walsh v Ellis*, 64 AD3d 702, 703 [2009]; *see* RPAPL former 522; *cf.* L 2008, ch 269, § 5; *see also Bratone v Conforti-Brown*, 79 AD3d 955 [2010]; *Bernardi v Spyratos*, 79 AD3d 684 [2010]). In 2008 the Legislature enacted changes to the adverse possession statutes contained in RPAPL article 5 (*see* L 2008, ch 269). In RPAPL 522, which deals with an adverse possession "not under [a] written instrument or judgment," the Legislature replaced the words "land is deemed to have been possessed and occupied . . . [w]here it has been usually cultivated or improved," with the words "land is deemed to have been possessed and occupied . . . [w]here there have been acts sufficiently open to put a reasonably diligent owner on notice" (L 2008, ch 269, § 5). Additionally, the Legislature added a new section, RPAPL 543, which states: "[n]otwithstanding any

other provision of this article, the existence of de minimus [*sic*] non-structural encroachments including, but not limited to, fences, hedges, shrubbery, plantings, sheds and non-structural walls, shall be deemed to be permissive and non-adverse" (RPAPL 543 [1]; *see* L 2008, ch 269, § 8). That section further states: "[n]otwithstanding any other provision of this article, the acts of lawn mowing or similar maintenance across the boundary line of an adjoining landowner's property shall be deemed permissive and non-adverse" (RPAPL 543 [2]; *see* L 2008, ch 269, § 8).

We note that the Appellate Division, Fourth Department, has held that the version of the law in effect at the time that the purported adverse possession allegedly ripened into title is the law applicable to the claim, regardless of whether the action was commenced before or after the effective date of the new legislation (*see Franza v Olin*, 73 AD3d 44 [2010]). However, we need not reach the issue decided by the Fourth Department in *Franza v Olin* because the complaint states a cause of action under both the law as it exists today and the law as it existed prior to July 7, 2008.

Standing alone, the allegations that the plaintiff maintained a portable dumpster and cleared the premises of snow and ice are insufficient to establish that the plaintiff's use of the premises was non-adverse (*see* RPAPL 543). However, accepting all of the facts alleged in the complaint as true and according the plaintiff the benefit of every possible inference (*see Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]), even under the more constrictive newly enacted version of the RPAPL, we cannot say as a matter of law that the complaint fails to state a cause of action for adverse possession, particularly in light of the plaintiff's allegation that it blacktopped the premises from the edge of a building on its own property to the edge of a curb located on the outer boundary of the defendant's property (*cf. Sawyer v Prusky*, 71 AD3d 1325 [2010]).

The parties' remaining contentions are without merit. Mastro, J.P., Chambers, Lott and Cohen, JJ., concur.