■ SHELDON SEIDMAN, Respondent, v INDUSTRIAL RECYCLING PROPERTIES, INC., Appellant, et al., Defendant. [922 NYS2d 451]—

In an action to foreclose a mortgage, the defendant Industrial Recycling Properties, Inc., appeals from so much of an order of the Supreme Court, Nassau County (McCarty III, J.), entered September 28, 2010, as denied its motion for leave to amend its pleadings to assert additional counterclaims.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendant Industrial Recycling Properties, Inc., which were for leave to amend its pleadings to assert counterclaims alleging breach of contract and malicious prosecution, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

Leave to amend a pleading pursuant to CPLR 3025 (b) should

be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit, or unless prejudice or surprise to the opposing party results directly from the delay in seeking leave to amend (*see Giunta's Meat Farms, Inc. v Pina Constr. Corp.*, 80 AD3d 558 [2011]; *Rosicki, Rosicki & Assoc., P.C. v Cochems*, 59 AD3d 512 [2009]; *Janssen v Incorporated Vil. of Rockville Ctr.*, 59 AD3d 15, 27 [2008]; *Bennett v Long Is. Jewish Med. Ctr.*, 51 AD3d 959 [2008]; *Lucido v Mancuso*, 49 AD3d 220, 222 [2008]). On the facts presented, the proposed counterclaims of the defendant mortgagor Industrial Recycling Properties, Inc. (hereinafter Industrial), alleging breach of contract and malicious prosecution were not palpably insufficient or patently devoid of merit. Moreover, the plaintiffs will not be prejudiced or surprised by the amendment, which does not allege new or different transactions (*see Whalen v Kawasaki Motors Corp., U.S.A.*, 92 NY2d 288, 293 [1998]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]; *Public Adm'r of Kings County v Hossain Constr. Corp.*, 27 AD3d 714, 716 [2006]; *Beverage Mktg. USA, Inc. v South Beach Beverage Co., Inc.*, 20 AD3d 439 [2005]). Accordingly, the Supreme Court should have granted those branches of Industrial's motion which were for leave to amend its pleadings to add counterclaims alleging breach of contract and malicious prosecution.

However, the Supreme Court properly denied that branch of Industrial's motion which was for leave to amend its pleadings to add a counterclaim alleging unjust enrichment, as such a claim does not lie where, as here, it is undisputed that a valid contract covering the same subject matter exists between the parties (*see Sunrise Plaza Assoc. v International Summit Equities Corp.*, 288 AD2d 300 [2001]). Similarly, that branch of Industrial's motion which was for leave to amend its pleadings to add a counterclaim alleging slander of title based on the filing of a notice of pendency was properly denied, as the filing of a notice of pendency does not give rise to such a cause of action (*see Alexander v Scott*, 286 AD2d 692 [2001]; *Sopher v Martin*, 243 AD2d 459, 462 [1997]; *35-45 May Assoc. v Mayloc Assoc.*, 162 AD3d 389 [1990]).

The parties' remaining contentions are without merit. Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.