■ ELAINE YOUNG, Appellant, v ESTATE OF MICHAEL B. YOUNG, Deceased, Respondent. [924 NYS2d 279]—

In an action for a judgment declaring that a prenuptial agreement is null and void, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered April 7, 2010, as granted that branch of the defendant's motion which was for summary judgment on its first through fourth counterclaims and denied that branch of her cross motion which was for leave to amend her reply to those counterclaims to assert an affirmative defense based on the formation of a constructive trust, and (2) from so much of an order of the same court entered October 4, 2010, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered April 7, 2010, is dismissed, as that order was superseded by the order entered October 4, 2010, made upon reargument; and it is further,

Ordered that the order entered October 4, 2010, is reversed insofar as appealed from, on the law, and, upon reargument, so much of the order entered April 7, 2010, as granted that branch of the defendant's motion which was for summary judgment on its first through fourth counterclaims and denied that branch of the plaintiff's cross motion which was for leave to amend her reply to those counterclaims to assert an affirmative defense

based on the formation of a constructive trust is vacated, that branch of the defendant's motion which was for summary judgment on the first through fourth counterclaims is denied, and that branch of the plaintiff's cross motion which was for leave to amend her reply is granted; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Upon reargument, the Supreme Court erred in adhering to so much of a prior order entered April 7, 2010, as denied that branch of the plaintiff's cross motion which was for leave to amend her reply to the defendant's first through fourth counterclaims to assert an affirmative defense based on the formation of a constructive trust. "CPLR 3025 (b) provides that leave to amend pleadings 'shall be freely given upon such terms as may be just.' Thus, motions for leave to amend are liberally granted absent prejudice or surprise" (*Long Is. Tit. Agency, Inc. v Frisa*, 45 AD3d 649, 649 [2007], quoting CPLR 3025 [b]). "A court hearing a motion for leave to amend will not examine the merits of the proposed amendment 'unless the insufficiency or lack of merit is clear and free from doubt . . . In cases where the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit, leave should be denied' " (*Long Is. Tit. Agency, Inc. v Frisa*, 45 AD3d at 649, quoting *Ricca v Valenti*, 24 AD3d 647, 648 [2005]). Since the proposed amendment was neither palpably insufficient nor totally devoid of merit, leave to amend should have been granted (*see Long Is. Tit. Agency, Inc. v Frisa*, 45 AD3d at 649). Additionally, there is no evidence that the proposed amendment would cause unfair prejudice or surprise to the defendant.

In light of the foregoing, the Supreme Court also erred, upon reargument, in adhering to so much of the order entered April 7, 2010, as granted that branch of the defendant's motion which was for summary judgment on its first through fourth counterclaims. Skelos, J.P., Dickerson, Hall and Sgroi, JJ., concur.