■ BANK OF SMITHTOWN, Respondent, v 219 SAGG MAIN, LLC, et al., Appellants, et al., Defendants. [968 NYS2d 95]—

In an action to foreclose a mortgage, the defendants 219 Sagg Main, LLC, Benjamin Ringel, and Yael Ringel appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated July 27, 2011, as granted that branch of the plaintiff's motion which was for summary judgment dismissing their answer and denied that branch of their cross motion which was pursuant to CPLR 3025 for leave to amend the answer to assert two additional counterclaims, and (2) so much of a judgment of foreclosure of the same court dated May 31, 2012, as was in favor of the plaintiffs and against them.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff met its initial burden of establishing its entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and an affidavit of its vice-president, evidencing the appellants' default in their payment obligations (*see Wells Fargo Bank v Das Karla*, 71 AD3d 1006 [2010]; *see also Baron Assoc., LLC v Garcia Group Enters., Inc.*, 96 AD3d 793 [2012]; *Argent Mtge. Co., LLC v Mentesana*, 79 AD3d 1079, 1080 [2010]). In response, the appellants failed to raise a triable issue of fact relating to any bona fide defense to foreclosure (*see Wells Fargo Bank v Das Karla*, 71 AD3d at 1006). The conclusory and unsubstantiated assertions in the affidavit of the defendant Benjamin Ringel, submitted in opposition to the motion, did not raise a triable issue of fact as to whether the doctrines of unclean hands or promissory estoppel acted to bar the foreclosure action (*see Baron Assoc., LLC v Garcia Group Enters., Inc.*, 96 AD3d at 793; *Wells Fargo Bank v Hodge*, 92 AD3d 775, 776 [2012]; *Schwartz v Miltz*, 77 AD3d 723, 725 [2010]; *cf. Golden Eagle Capital Corp. v Paramount Mgt. Corp.*, 88 AD3d 646 [2011]; *First Union Natl. Bank v Tecklenburg*, 2 AD3d 575, 576-577 [2003]).

The Supreme Court providently exercised its discretion in denying the appellants leave to amend the answer to assert two additional counterclaims. Leave to amend a pleading should be "freely given absent prejudice or surprise" (*Rosicki, Rosicki & Assoc., P.C. v Cochems*, 59 AD3d 512, 514 [2009]) and "[a] court should not examine the merits or legal sufficiency of the proposed amendment unless it is palpably insufficient or patently devoid of merit on its face" (*Rosicki*, 59 AD3d at 514; *see Greco v Christoffersen*, 70 AD3d 769 [2010]). "A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed" (*Greco v Christoffersen*, 70 AD3d at 770 [internal quotation marks omitted]).

The allegations in the proposed counterclaims were palpably insufficient (*see 805 Third Ave. Co. v M.W. Realty Assoc.*, 58 NY2d 447, 451 [1983]; *Precision Mech. v Dormitory Auth. of*

*State of N.Y.*, 5 AD3d 653, 654 [2004]; *see generally Ruder & Finn v Seaboard Sur. Co.*, 52 NY2d 663, 670 [1981]).

The appellants' remaining contentions are without merit. Dillon, J.P., Dickerson, Chambers and Miller, JJ., concur.