■ DEBORAH ETZION, Appellant, v RAFAEL ETZION et al., Respondents. [978 NYS2d 57]—

In an action, inter alia, for the rescission or reformation of a stipulation of settlement dated June 8, 2005, which was incorporated, but not merged, into a judgment of divorce referable to the plaintiff and the defendant Rafael Etzion dated August 16, 2005, the plaintiff appeals from an order of the Supreme Court, Nassau County (Maron, J.), entered March 6, 2012, which denied her motion for leave to serve a second amended complaint.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the plaintiff's motion for leave to serve a second amended complaint is granted, and the proposed second amended complaint is deemed served.

Leave to amend a pleading should be freely given absent prejudice or surprise to the opposing party, unless the proposed amendment is palpably insufficient or patently devoid of merit (see CPLR 3025 [b]; *Faiella v Tysens Park Apts., LLC*, 110 AD3d 1028 [2013]; *Gotlin v City of New York*, 90 AD3d 605, 606-607 [2011]; *Lucido v Mancuso*, 49 AD3d 220, 227 [2008]). In determining a motion for leave to amend a pleading, "a court shall not examine the legal sufficiency or merits of a pleading unless such insufficiency or lack of merit is clear and free from doubt" (*Faiella v Tysens Park Apts., LLC*, 110 AD3d 1028, 1029 [2013]; *Young v Estate of Young*, 84 AD3d 1359, 1360 [2011]; *Lucido v Mancuso*, 49 AD3d at 227).

Applying this standard here, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion for leave to serve a second amended complaint asserting three new causes of action to recover damages for fraud and breach of fiduciary duty. The proposed new causes of action allege, inter alia, that, in light of the parties' marital relationship and status as coshareholders of the defendant Variety Accessories, Inc., the defendant Rafael Etzion (hereinafter Rafael) owed the plaintiff a duty to disclose a May 2005 offer to purchase a warehouse

property owned by a related entity, which was made only to him and was not information freely available in the public domain (*cf. Etzion v Etzion,* 62 AD3d 646, 654 [2009]). These proposed new causes of action were not palpably insufficient or patently devoid of merit. In addition, Rafael did not demonstrate that he would be unfairly prejudiced or surprised by the proposed new causes of action, which stem from his disclosure of the May 2005 offer during the course of discovery in this action (*see Faiella v Tysens Park Apts., LLC,* 110 AD3d 1028 [2013]; *Young v Estate of Young,* 84 AD3d at 1360; *Lucido v Mancuso,* 49 AD3d at 232; *see also Jablonski v Jakaitis,* 85 AD3d 969, 971 [2011]). Accordingly, the Supreme Court should have granted the plaintiff's motion for leave to serve a second amended complaint. Eng, P.J., Rivera, Hall and Lott, JJ., concur.