In an action to foreclose a mortgage, the defendants Hallock Landing Associates, LLC, Wolfe Miller, and Salvatore Malguarnera appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk Court (Whelan, J.), dated March 7, 2012, as granted that branch of the plaintiffs motion which was for summary judgment on the complaint insofar as asserted against them and dismissing their affirmative defenses and counterclaims, and appointed a referee to compute the amount due to the plaintiff.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff met its initial burden of establishing its entitlement to judgment as a matter of law by producing the subject mortgages, the unpaid notes, and an affidavit of its vice-president, evidencing the appellants’ default in their payment obligations (see Bank of Smithtown v 219 Sagg Main, LLC, 107 AD3d 654, 655 [2013]; Baron Assoc., LLC v Garcia Group Enters., Inc., 96 AD3d 793 [2012]; Argent Mtge. Co., LLC v Mentesana, 79 AD3d 1079 [2010]; Wells Fargo Bank v Das Karla, 71 AD3d 1006 [2010]). In response, the appellants failed to raise a triable issue of fact relating to any bona fide defense to foreclosure (see Bank of Smithtown v 219 Sagg Main, LLC, 107 AD3d at 655; Wells Fargo Bank v Das Karla, 71 AD3d at 1006). The assertions in the affidavit of the appellant Salvatore Malguarnera, submitted in opposition to the motion, did not raise a triable issue of fact as to whether the doctrines of promissory estoppel or equitable estoppel acted to bar the foreclosure action (see Bank of Smithtown v 219 Sagg Main, LLC, 107 AD3d at 655; Baron Assoc., LLC v Garcia Group Enters., Inc., 96 AD3d at 793). Mastro, J.E, Chambers, Lott and Miller, JJ., concur.