In an action to foreclose a mortgage, the defendants Ronald J. *975 Narayanan and Jamela Narayanan appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Queens County (Butler, J.), entered October 10, 2012, which, upon a decision of the same court entered July 13, 2012, inter alia, granted those branches of the plaintiffs motion which were for summary judgment in its favor on the complaint insofar as asserted against the defendant Ronald J. Narayanan and, upon her default in the action, the defendant Jamela Narayanan, and for the appointment of a referee to ascertain and compute the amount due to the plaintiff.
Ordered that the appeal by the defendant Jamela Narayanan is dismissed, without costs or disbursements, as no appeal lies from an order made upon the default of the appealing party (see CPLR 5511); and it is further,
Ordered that the order is affirmed insofar as reviewed, with costs payable to the plaintiff by the defendants Ronald J. Narayanan and Jamela Narayanan.
The plaintiff met its initial burden of establishing its entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and an affidavit from its foreclosure specialist evidencing the default in the payment obligations of the defendants Sabina Mohamed and Ronald J. Narayanan (see Baron Assoc., LLC v Garcia Group Enters., Inc., 96 AD3d 793, 793 [2012]; GRP Loan, LLC v Taylor, 95 AD3d 1172, 1173 [2012]; Citibank, N.A. v Van Brunt Props., LLC, 95 AD3d 1158, 1159 [2012]). In response, Ronald J. Narayanan, the only defendant to submit an answer in this action (hereafter the opposing defendant), failed to raise a triable issue of fact relating to any bona fide defense to foreclosure (see Bank of Smithtown v 219 Sagg Main, LLC, 107 AD3d 654, 655 [2013]). The affidavit submitted by defense expert Rick Rogers in opposition to the motion, purporting to demonstrate that a loan modification was more economically advantageous for the plaintiff as opposed to foreclosure, did not raise a triable issue of fact as to whether the plaintiff acted in good faith during settlement conferences held in this action pursuant to CPLR 3408, and has no bearing on the lack of hardship ground upon which the plaintiff declined to modify the subject mortgage loan.
Accordingly, the Supreme Court correctly granted that branch of the plaintiffs motion which was for summary judgment in its favor on the complaint insofar as asserted against the opposing defendant.
Rivera, J.P, Austin, Roman and Hinds-Radix, JJ., concur.