■ WORLDCARE INTERNATIONAL, INC., Doing Business as MEDSTOCK, et al., Appellants-Respondents, v SCOTT KAY et al., Respondents-Appellants, et al., Defendant. [989 NYS2d 495]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated June 27, 2012, as granted those branches of the motion of the defendants Scott Kay and MFS Industries, Inc., and the separate motion of the defendants Superior Maintenance Supply, LLC, Jason Brand, Mariela Jimenez, Robert Ubriaco, and Jamie Gattus, which were pursuant to CPLR 3211 (a) (7) to dismiss the first, second, third, fourth, fifth, sixth, seventh, eleventh, thirteenth, nineteenth, and twentieth causes of action insofar as asserted against them, the defendants Scott Kay and MFS Industries, Inc., cross-appeal from so much of the same order as denied those branches of their motion which were pursuant to CPLR 3211 (a) (7) to dismiss the eighth, ninth, tenth, twelfth, and eighteenth causes of action insofar as asserted against them, and the defendants Superior Maintenance Supply, LLC, Jason Brand, Mariela Jimenez, Robert Ubriaco, and Jaime Gattus separately cross-appeal, as limited by their notice of appeal and brief, from so much of the same order as denied those branches of their motion which were pursuant to CPLR 3211 (a) (7) to dismiss the eighth, ninth, tenth, twelfth, sixteenth, seventeenth, and eighteenth causes of action insofar as asserted against them.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the motion of the defendants Scott Kay and MFS Industries, Inc., and the separate motion of the defendants Superior Maintenance Supply, LLC, Jason Brand, Mariela Jimenez, Robert Ubriaco, and Jamie Gattus, which were pursuant to CPLR 3211 (a) (7) to dismiss the fifth, sixth, seventh, and thirteenth causes of action insofar as asserted against them, and substituting therefor a provision denying those branches of the motions, and (2) by deleting the provision thereof denying those branches of the motion of the defendants Scott Kay and MFS Industries, Inc., and the separate motion of the defendants Superior Maintenance Supply, LLC, Jason Brand, Mariela Jimenez, Robert Ubriaco, and Jamie Gattus, which were pursuant CPLR 3211 (a) (7) to dismiss the eighth and ninth causes of action insofar as asserted against them, and substituting therefor a provision granting those branches of the motions; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff Worldcare International, Inc., doing business as

MedStock (hereinafter Medstock), is in the business of supplying medical and nonmedical supplies to healthcare facilities. The plaintiff MedStock, Inc., sells and provides franchising opportunities for the operation of the MedStock business. The plaintiffs commenced this action alleging, among other things, that their former employees, the defendants Scott Kay, Mariela Jimenez, Robert Ubriaco, and Jaime Gattus, along with the defendant Jason Brand, secretly created competing businesses, including the defendants MFS Industries, Inc., and Superior Maintenance Supply, LLC, stole purchase orders and payments belonging to the plaintiffs, and committed fraud and theft, resulting in the plaintiffs' loss of 60 of their customers to the competing businesses. The defendants Superior Maintenance Supply, LLC, Jason Brand, Mariela Jimenez, Robert Ubriaco, and Jaime Gattus (hereinafter collectively the Superior defendants) moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them. The defendants Scott Kay and MFS Industries, Inc. (hereinafter together the Kay defendants), separately moved pursuant to CPLR 3211 (a) (7) to dismiss the first through thirteenth and eighteenth through twentieth causes of action insofar as asserted against them.

The Supreme Court should have denied those branches of the motion of the Superior defendants and the separate motion of the Kay defendants (hereinafter collectively the moving defendants) which were pursuant to CPLR 3211 (a) (7) to dismiss the fifth, sixth, seventh, and thirteenth causes of action insofar as asserted against them. Contrary to the contentions of the moving defendants, these causes of action, which alleged breach of fiduciary duty, aiding and abetting breach of fiduciary duty, diversion of corporate opportunity, and violation of the faithless servant doctrine, were improperly dismissed as duplicative of the cause of action alleging breach of contract. The cause of action alleging breach of contract was predicated on the failure of the former employees to comply with the provisions of an employee manual. Since there is a bona fide dispute as to the validity and enforceability of the employment manual as a contract, the plaintiffs are not required to elect their remedies (see Plumitallo v Hudson Atl. Land Co., LLC, 74 AD3d 1038, 1039 [2010]; Elbroji v 22 E. 54th St. Rest. Corp., 67 AD3d 957, 958 [2009]).

The Supreme Court should have granted those branches of the separate motions of the moving defendants which were pursuant to CPLR 3211 (a) (7) to dismiss the eighth and ninth causes of action alleging, respectively, tortious interference with

business relations and tortious interference with prospective business relations insofar as asserted against them. The plaintiffs failed to allege that the moving defendants committed independent torts or predatory acts toward any third parties, or that the moving defendants acted solely for the purpose of harming the plaintiffs (*see Orchid Constr. Corp. v Gottbetter*, 89 AD3d 708, 711 [2011]; *Newport Serv. & Leasing, Inc. v Meadowbrook Distrib. Corp.*, 18 AD3d 454, 455 [2005]).

The parties' remaining contentions are without merit. Dickerson, J.P., Leventhal, Hall and Lott, JJ., concur.