Sacks v Knolls at Pinewood, LLC (2018 NY Slip Op 00450)





Sacks v Knolls at Pinewood, LLC


2018 NY Slip Op 00450


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
L. PRISCILLA HALL
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2015-03056
 (Index No. 58955/14)

[*1]Lois Sacks, appellant, The 
v
Knolls at Pinewood, LLC, et al., respondents, et al., defendants.


Silverberg, P.C., Central Islip, NY (Karl Silverberg of counsel), for appellant.
Gallo Vitucci Klar, LLP, New York, NY (Daniel P. Mevorach and Kimberly A. Ricciardi of counsel), for respondents The Knolls at Pinewood, LLC, Pinewood Development Corp., and Uri Hason.
Milber Makris Plousadis & Seiden, LLP, White Plains, NY (Mark Seiden and Jeffrey J. Fox of counsel), for respondent Cronin Engineering, Professional Engineering, P.C.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of warranty and breach of contract, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), dated April 8, 2015, as (1) granted those branches of the motion of the defendants The Knolls at Pinewood, LLC, Pinewood Development Corp., and Uri Hason which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action sounding in rescission, negligence, fraud, intentional infliction of emotional distress, fraudulent conveyance, and "alter ego" liability insofar as asserted against them, (2) denied her cross motion for leave to serve and file a second amended complaint, and (3) granted that branch of the motion of the defendant Cronin Engineering, Professional Engineering, P.C., which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging negligence insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The plaintiff purchased a condominium unit from the defendant The Knolls at Pinewood, LLC (hereinafter the Knolls), in December 2010. Included in the purchase agreement was a six-year major structural defect warranty on the unit. Less than one year later, the plaintiff's home, which was built on the side of a steep, man-made slope, began to sink. The walls cracked, the floors sloped almost four inches, and doors and windows would not close. The plaintiff timely notified the Knolls, Pinewood Development Corp. (hereinafter Pinewood), a member of the Knolls and the general contractor for the construction of the condominium development, and Pinewood's president and construction manager, Uri Hason (hereinafter collectively the Hason defendants), of her warranty claim. The Hason defendants, however, did not respond to her warranty claim.
The plaintiff commenced this action against, among others, the Hason defendants, asserting causes of action sounding in, inter alia, breach of warranty, breach of contract, rescission, [*2]negligence, fraud, intentional infliction of emotional distress, and fraudulent conveyance. The plaintiff also alleged that Pinewood and Hason were liable as alter egos of the Knolls. The plaintiff later amended her complaint to include, inter alia, a negligence cause of action against the defendant Cronin Engineering, Professional Engineering, P.C. (hereinafter Cronin Engineering), the civil engineering firm that prepared the site grading plans and utility plans for the condominium construction project.
The Hason defendants moved pursuant to CPLR 3211(a)(7) to dismiss all of the causes of action insofar as asserted against them except the breach of warranty cause of action. The plaintiff cross-moved for leave to serve and file a second amended complaint to include additional defendants. Cronin Engineering, inter alia, moved pursuant to CPLR 3211(a) to dismiss the negligence cause of action insofar as asserted against it. The Supreme Court, inter alia, (1) granted those branches of the Hason defendants' motion which were to dismiss the causes of action sounding in rescission, negligence, fraud, intentional infliction of emotional distress, fraudulent conveyance, and "alter ego" liability insofar as asserted against them, (2) denied the plaintiff's cross motion for leave to serve and file a second amended complaint, and (3) granted that branch of Cronin Engineering's motion which was to dismiss the cause of action alleging negligence insofar as asserted against it.
The Supreme Court properly denied the plaintiff's cross motion for leave to serve and file a second amended complaint, as her proposed amendments were patently devoid of merit on their face (see Maya's Black Cr., LLC v Angelo Balbo Realty Corp., 82 AD3d 1175, 1175-1176).
The Supreme Court properly granted that branch of the Hason defendants' motion which was to dismiss the cause of action alleging negligence insofar as asserted against the Knolls, as the plaintiff failed to allege facts which, if proved, establish that the Knolls violated a legal duty independent of the contract itself or that the action should transform into a tort (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389). The court also properly granted that branch of the Hason defendants' motion which was to dismiss the cause of action alleging negligence insofar as asserted against Pinewood and Hason, and that branch of Cronin Engineering's separate motion which was for the same relief insofar as asserted against it, because, under New York law, "[a] plaintiff cannot recover solely for economic loss arising out of negligent construction in the absence of a contractual relationship" (Residential Bd. of Mgrs. of Zeckendorf Towers v Union Sq.-14th St. Assoc., 190 AD2d 636, 637), and none of those parties had a contractual relationship with the plaintiff or the functional equivalent of privity of contract (see Ossining Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d 417, 425).
Further, inasmuch as the plaintiff offered nothing more than bald, unsubstantiated allegations that Pinewood and Hason abused the privilege of doing business in the corporate form by dominating and controlling the Knolls, the Supreme Court properly declined to impose alter ego liability on Pinewood and Hason (see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 126-127, affd 16 NY3d 775).
The plaintiff's remaining contentions are without merit.
CHAMBERS, J.P., HALL, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court