Wells Fargo Bank, N.A. v Gizzo (2021 NY Slip Op 00894)





Wells Fargo Bank, N.A. v Gizzo


2021 NY Slip Op 00894


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-03578
 (Index No. 69933/15)

[*1]Wells Fargo Bank, N.A., respondent,
v
Kathleen Gizzo, et al., appellants, et al., defendants. Law Office of Mario DeMarco, P.C., Port Chester, NY, for appellants.


Rosicki, Rosicki & Associates, P.C. (Reed Smith LLP, New York, NY [Andrew B. Messite and Michael V. Margarella], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Kathleen Gizzo and Pasquale Gizzo appeal from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated February 23, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Kathleen Gizzo and Pasquale Gizzo, to strike their answer, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs. 
The plaintiff met its prima facie burden of establishing its entitlement to judgment as a matter of law by producing the mortgage agreement, the unpaid note, and evidence of the default of the defendants Kathleen Gizzo and Pasquale Gizzo (hereinafter together the defendants) in their payment obligations (see Wells Fargo Bank, N.A. v Miller, 150 AD3d 1046, 1048; Bank of Smithtown v 219 Sagg Main, LLC, 107 AD3d 654, 655). The burden then shifted to the defendants to "raise a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff" (M & T Bank v Capolino, 168 AD3d 1045, 1047). However, the defendants' conclusory and unsubstantiated allegations submitted in opposition to the plaintiff's motion failed to raise a triable issue of fact (see Deutsche Bank Natl. Trust Co. v Twersky, 135 AD3d 895, 896; Bank of Am., N.A. v Lucido, 114 AD3d 714, 716; Bank of Smithtown v 219 Sagg Main, LLC, 107 AD3d at 655).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference.
MASTRO, A.P.J., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court