Matter of Toyota Lease Trust v Perfection Auto Serv., Inc. (2024 NY Slip Op 04560)

Matter of Toyota Lease Trust v Perfection Auto Serv., Inc.

2024 NY Slip Op 04560

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
LAURENCE L. LOVE, JJ.

2022-04690
 (Index No. 608018/21)

[*1]In the Matter of Toyota Lease Trust, petitioner/plaintiff-appellant,
v
Perfection Auto Service, Inc., respondent/defendant-respondent, et al., respondent/defendant (and another title).

Norris McLaughlin, P.A., New York, NY (Nicholas A. Duston and Alexander Ryan Sokolof of counsel), for petitioner/plaintiff-appellant.
Harris Beach PLLC, Uniondale, NY (Jack M. Martins, Adam M. Moss, and Paulo M. Coelho of counsel), for respondent/defendant-respondent.

DECISION & ORDER
In a hybrid action, inter alia, for declaratory relief and proceeding pursuant to Lien Law § 201-a to determine the validity of a lien, the petitioner/plaintiff appeals from an order of the Supreme Court, Nassau County (Helen Voutsinas, J.), entered May 20, 2022. The order denied the petitioner/plaintiff's motion pursuant to CPLR 3211(a) to dismiss the third and fourth counterclaims of the respondent/defendant Perfection Auto Service, Inc.
ORDERED that the order is affirmed, with costs.
The petitioner/plaintiff, Toyota Lease Trust (hereinafter Toyota), is the owner of the subject vehicle, a 2017 Lexus LX570, which Toyota leased to nonparty Nathaniel Marner. After the vehicle was damaged in an accident, Marner brought it to the respondent/defendant Perfection Auto Service, Inc. (hereinafter Perfection). Perfection provided Marner with a work authorization form that estimated the cost of repairs to be $28,528.72. Marner signed the work authorization form as "Owner/Agent" and "represent[ed]" therein that he was "the owner of the vehicle . . . or an authorized agent of the owner." After Perfection completed the repairs and demanded payment, Marner did not pay. Perfection retained the vehicle, filed a garagekeeper's lien against the vehicle, and served a notice of lien and sale upon Marner and Toyota for unpaid towing, repair, and storage
charges. Thereafter, Toyota commenced this hybrid action and proceeding pursuant to Lien Law § 201-a seeking, inter alia, a declaration that the garagekeeper's lien is void. Toyota also posted a bond and obtained preliminary injunctive relief directing Perfection to release the vehicle to Toyota upon the bond. Perfection's second amended answer included a third counterclaim to recover in quantum meruit and a fourth counterclaim to recover in unjust enrichment. Toyota moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the third and fourth counterclaims, contending that the work authorization agreement between Marner and Perfection governed the dispute and thus barred the quasi contract counterclaims, and that the counterclaims did not allege that Perfection performed the services at the behest of Toyota. The Supreme Court denied the motion. Toyota appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading is to be afforded a liberal construction and a court must accept the facts as alleged in the complaint as true, accord the claimant the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see id. § 3026; Leon v Martinez, 84 NY2d 83, 87-88). [*2]A motion to dismiss pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations and conclusively establishes a defense to the claims as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d at 88). "Recovery under quasi-contractual theories is, generally, inappropriate if there exists a valid and enforceable contract between the parties. 'It is impermissible . . . to seek damages in an action sounding in quasi contract where the suing party has fully performed on a valid written agreement, the existence of which is undisputed, and the scope of which clearly covers the dispute between the parties'" (AHA Sales, Inc. v Creative Bath Prods., Inc., 58 AD3d 6, 20, quoting Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389). Where, however, "there is a bona fide dispute as to the existence of a contract or the application of a contract in the dispute in issue, a plaintiff may proceed upon a theory of quasi contract as well as breach of contract, and will not be required to elect his or her remedies" (Goldman v Simon Prop. Group, Inc., 58 AD3d 208, 220; see AHA Sales, Inc. v Creative Bath Prods., Inc., 58 AD3d at 20).
The Supreme Court properly denied Toyota's motion. Accepting the facts as alleged in the second amended answer with counterclaims as true, and according Perfection the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d at 87-88), Perfection sufficiently stated counterclaims sounding in unjust enrichment and quantum meruit (see First Class Concrete Corp. v Rosenblum, 167 AD3d 989, 990; AHA Sales, Inc. v Creative Bath Prods., Inc., 58 AD3d at 20; Snitovsky v Forest Hills Orthopedic Group, P.C., 44 AD3d 845, 846). In addition, the documentary evidence presented in support of the motion failed to utterly refute the allegations or conclusively establish a defense to those counterclaims as a matter of law (see Recine v Recine, 201 AD3d 827, 830). Although the parties do not dispute the existence of the work authorization form agreement, inasmuch as "there is a bona fide dispute as to the validity and enforceability of the [work authorization form] as a contract" (Worldcare Intl., Inc. v Kay, 119 AD3d 554, 556), Perfection was entitled to assert the quasi contract theories of recovery as an alternative to its contractual claim (see Lien Law § 205; Worldcare Intl., Inc. v Kay, 119 AD3d at 556; Old Salem Dev. Group, Ltd. v Town of Fishkill, 301 AD2d 639).
BRATHWAITE NELSON, J.P., MILLER, MALTESE and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court