Khadem v Stonehill & Taylor Architects, P.C. (2025 NY Slip Op 00378)

Khadem v Stonehill & Taylor Architects, P.C.

2025 NY Slip Op 00378

Decided on January 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2025

Before: Singh, J.P., Kapnick, Scarpulla, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 657125/17 Appeal No. 3406 Case No. 2024-01684 

[*1]John Khadem, Plaintiff-Appellant,
v
Stonehill & Taylor Architects, P.C., et al., Defendants-Respondents.

Gallet Dreyer & Berkey, LLP, New York (Eugene H. Goldberg of counsel), for appellant.
Byrne & O'Neill, LLP, New York (Kevin J. O'Neill of counsel), for respondents.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about November 30, 2023, which granted defendants' motion to dismiss the causes of action for malpractice (first cause of action) and negligence (second cause of action), unanimously modified, on the law, to reinstate the negligence cause of action as against defendant Henry Meltzer, and otherwise affirmed, without costs.
In this action against an architectural firm, defendant Stonehill & Taylor Associates, P.C. (Stonehill), and one of its officers, defendant Henry Meltzer (Meltzer), Supreme Court properly dismissed the causes of action for negligence and malpractice as against Stonehill. A simple breach of contract does not give rise to a separate tort claim unless a legal duty independent of the contract has been violated (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382 389, 390 [1987]). Thus, simply pleading a breach of a duty of due care does not, without more, transform a breach of contract into a tort claim (id.; Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 711 [2018] [internal quotation marks omitted]). Plaintiff asserts that Stonehill breached its contractual duty by making errors in the construction plans for renovation of a cooperative unit, causing a 19-month delay in the opening of plaintiff's ambulatory care surgery center. Plaintiff does not allege a separate breach of a duty of care against Stonehill in the tort claims that is not already encompassed in the breach of contract claim. He does not allege that the injury arose from personal injury or property damage, nor does he allege that there was an abrupt, cataclysmic occurrence (see Sommer v Federal Signal Corp., 79 NY2d 540, 551-552 [1992]). Rather, the harm was the lost revenue from the delay. Thus, plaintiff is only seeking enforcement of his contractual rights (id. at 552).
Moreover, while a plaintiff may plead alternative theories of liability where the existence and validity of a contract is the subject of a bona fide dispute (see Worldcare Intl., Inc. v Kay, 119 AD3d 554, 556 [2d Dept 2014]), Stonehill does not contest the existence or validity of the oral contract between the parties.
However, Supreme Court should not have dismissed the negligence cause of action as against Meltzer. Plaintiff alleged that Meltzer is an employee or agent of Stonehill, that he was personally negligent and violated professional standards, and that persons under his direct supervision also engaged in such conduct. At this pre-answer motion to dismiss stage of the litigation, these allegations are sufficient to state a cause of action against Meltzer (Business Corporation Law § 1505[a][1]; see Sommer v Federal Signal Corp., 79 NY2d at 552-553). Because the breach of contract claim is not alleged against Meltzer individually, there is no basis to dismiss the tort claim against him as duplicative. In addition, the fact that plaintiff seeks money damages does not bar this claim against [*2]Meltzer (see 17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am., 259 AD2d 75, 83 [1st Dept 1999]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2025