Parker Waichman, LLP v Chaikin (2025 NY Slip Op 04580)

Parker Waichman, LLP v Chaikin

2025 NY Slip Op 04580

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LARA J. GENOVESI
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-10094
 (Index No. 608683/19)

[*1]Parker Waichman, LLP, etc., appellant, 
v
Jordan L. Chaikin, respondent.

Robert & Robert PLLC, Uniondale, NY (Clifford S. Robert and Michael Farina of counsel), for appellant.
Stein Adler Dabah & Zelkowitz LLP, New York, NY (Noam Besdin of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered September 18, 2023. The order, insofar as appealed from, granted those branches of the defendant's motion which were pursuant to CPLR 3025(b) for leave to amend his answer to assert counterclaims alleging breach of contract, unjust enrichment, and tortious interference with prospective business relations.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2010, the parties entered into a "Joinder Agreement" whereby the defendant agreed to become a "New Profit Partner" of the plaintiff, a law firm. In 2015, the defendant resigned from his employment with the plaintiff after allegedly failing to receive any of the profits as set forth in the joinder agreement. Thereafter, the plaintiff commenced this action, inter alia, to recover damages for breach of contract in connection with the defendant's resignation from his employment with the plaintiff. The defendant interposed an answer denying liability and asserting counterclaims alleging, among other things, breach of contract, unjust enrichment, and tortious interference with prospective business relations. The action was stayed while the parties litigated a separate matter before a Florida appellate court. While the stay was in effect, the defendant withdrew his counterclaims but reserved his right to assert them at a later time. After the stay was lifted, the defendant moved, inter alia, pursuant to CPLR 3025(b) for leave to amend his answer to assert counterclaims alleging breach of contract, unjust enrichment, and tortious interference with prospective business relations. In an order entered September 18, 2023, the Supreme Court, among other things, granted those branches of the motion. The plaintiff appeals.
"Leave to amend a pleading should be granted where the amendment is neither palpably insufficient nor patently devoid of merit, and the delay in seeking amendment does not prejudice or surprise the opposing party" (Dray v Staten Is. Univ. Hosp., 227 AD3d 664, 666 [internal quotation marks omitted]; see Underhill Venture, LLC v Sarang, 231 AD3d 996, 998). "'In determining a motion for leave to amend a pleading, a court shall not examine the legal sufficiency or merits of a pleading unless such insufficiency or lack of merit is clear and free from doubt'" (Recine v Recine, 201 AD3d 830, 831, quoting JP Morgan Chase Bank, N.A. v Campbell, 189 AD3d [*2]1014, 1015; see Etzion v Etzion, 112 AD3d 782, 782). "Amendments that seek to add a time-barred claim or party will be found to be patently devoid of merit" (Bisono v Mist Enters., Inc., 231 AD3d 134, 140).
The Supreme Court properly granted those branches of the defendant's motion which were pursuant to CPLR 3025(b) for leave to amend his answer to assert counterclaims alleging breach of contract, unjust enrichment, and tortious interference with prospective business relations. The proposed amendments were not palpably insufficient or patently devoid of merit on their face (see Bargil Assoc., LLC v Crites, 173 AD3d 956, 957).
"'The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach'" (Maspeth Fed. Sav. & Loan Assn. v Elizer, 197 AD3d 1253, 1254, quoting Canzona v Atanasio, 118 AD3d 837, 838). Here, the proposed counterclaim alleging breach of contract was not palpably insufficient or patently devoid of merit. The joinder agreement provided, inter alia, that, as a new profit partner, the defendant was to receive payment from the plaintiff's profits as calculated by the managing partner. The joinder agreement further provided that the plaintiff would "share[ ] profits and losses among its members" but failed to indicate whether a new profit partner," such as the defendant, constituted a "member." The proposed breach of contract counterclaim alleged that contrary to the terms of the joinder agreement, the defendant never received a share of the plaintiff's profits during his employment. Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was pursuant to CPLR 3025(b) for leave to amend his answer to assert a counterclaim alleging breach of contract.
A "cause of action for tortious interference is not enforceable until damages are sustained and that point, rather than the wrongful act of the defendant or discovery of the injury by plaintiff, is the relevant date for marking accrual" (Sapienza v Notaro, 172 AD3d 1418, 1420; see Kronos, Inc. v AVX Corp., 81 NY2d 90, 94). Here, the proposed counterclaim alleging tortious interference with prospective business relations was premised on the plaintiff allegedly sending certain letters to the defendant's prospective clients regarding the defendant's resignation from his employment with the plaintiff. The plaintiff did not submit the letters that it sent to the defendant's prospective clients or those clients' responses thereto. As such, the plaintiff failed to establish that the defendant's damages were sustained outside of the statutory limitations period (see Kronos, Inc. v AVX Corp., 81 NY2d at 94; Sapienza v Notaro, 172 AD3d at 1420).
Contrary to the plaintiff's contention, a violation of an attorney disciplinary rule, as alleged in the proposed counterclaim alleging tortious interference with prospective business relations, may create liability if actual damages are incurred as a result of the violating conduct (see Law Offices of Ira H. Leibowitz v Landmark Ventures, Inc., 131 AD3d 583, 586; Lyons v Menoudakos & Menoudakos, P.C., 63 AD3d 801, 802). Further, the defendant sufficiently identified the third parties with whom the plaintiff allegedly interfered, and the third parties' names allegedly were in the plaintiff's possession (see SPG Advance LLC v Corlin, 2019 N.Y. Misc. LEXIS 49346, *10 [Sup Ct, Kings County]; cf. Mehrhof v Monroe-Woodbury Cent. Sch. Dist., 168 AD3d 713, 714). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was pursuant to CPLR 3025(b) for leave to amend his answer to assert a counterclaim alleging tortious interference with prospective business relations.
A successful unjust enrichment cause of action requires a plaintiff to prove that "'(1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered'" (Bedoya v Rodriguez, 186 AD3d 1308, 1309, quoting Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182). Although the existence of a valid and enforceable contract governing a particular subject matter generally precludes recovery in quasi contract (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388), and, here, the parties do not dispute the existence of the joinder agreement, contrary to the plaintiff's contention, there is a dispute as to the scope of the joinder agreement. Therefore, the defendant is entitled at this stage to assert the quasi contract theory of recovery as an [*3]alternative to its counterclaim alleging breach of contract (see Matter of Toyota Lease Trust v Perfection Auto Serv., Inc., 230 AD3d 1323, 1325; Worldcare Intl., Inc. v Kay, 119 AD3d 554, 556; Old Salem Dev. Group v Town of Fishkill, 301 AD2d 639, 639). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was pursuant to CPLR 3025(b) for leave to amend his answer to assert a counterclaim alleging unjust enrichment.
LASALLE, P.J., GENOVESI, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court